UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN LEE HORN, III, #241981,

        Plaintiff,                      Case No. 22-cv-11844
                                              HON. BERNARD A. FRIEDMAN

v.

HEIDI WASHINGTON, et al.,

        Defendants.
_____/

**OPINION AND ORDER PARTIALLY DISMISSING THE COMPLAINT**

Before the Court is Stephen Lee Horn, III's *pro se* civil rights complaint filed under 42 U.S.C. § 1983.  Horn is in the custody of the Michigan Department of Corrections and is proceeding *in forma pauperis*.  He commenced this action seven defendants – Heidi Washington, the Michigan Department of Corrections (MDOC), the City of Jackson, Noah Nagy, corrections officer Messner, and John and Jane Doe.  Horn alleges that defendants violated his rights to due process and equal protection.  He seeks monetary and injunctive relief.

For the following reasons, the Court shall dismiss the claims against Heidi Washington, Noah Nagy, the MDOC, the City of Jackson, and John and Jane Doe.

I.       Factual Allegations

Horn alleges that, on March 13, 2022, he injured a finger that he had previously injured while working at his prison job.  He showed his finger to the kitchen boss and Officer Messner, both of whom agreed it would be best to "lay [him] in" and send him to health care.

(ECF No. 1, PageID.7.)  The next day, Horn's unit officer told him that he could not go to work because of his injured finger and stated, "Defendant [Messner] is not going to write you a ticket" for being absent.  (*Id.*).  But Officer Messner issued Horn two misconduct tickets anyway, which resulted in Horn serving time in "top lock." (*Id.*).  Horn now claims that two other prisoners missed work for no justifiable reason, although they were not punished.  Horn asserts that these other prisoners were not reprimanded because they are white and he is African-American.  (*Id.*)

II.     Legal Standards

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3).  The rule's purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted).  While such notice does not require detailed factual allegations, it does require more than bare legal

2

conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a 42 U.S.C. § 1983 claim, the plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). The plaintiff must also allege that the deprivation was intentional and not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

III. <u>Analysis</u>

    *A.*    *Supervisory Liability*

Horn's claims against MDOC Director Heidi Washington and Warden Noah Nagy are based upon their supervisory authority. The doctrine of *respondeat superior*, however, does not apply in § 1983 lawsuits, *see Monell*, 436 U.S. at 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train or control an employee is not actionable under § 1983, unless the plaintiff shows that "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Since Horn fails to allege that Washington or Nagy engaged in any "active unconstitutional behavior" rather than a "mere failure to act," he cannot state an actionable

3

claim against them. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (cleaned up).

  B. *Michigan Department of Corrections*

  The MDOC is an arm of the state and is absolutely immune from suit under the Eleventh Amendment. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). Nor is the MDOC a "person" amendable to suit for monetary damages under § 1983. *Id.* For both these reasons, Horn fails to state a claim against the MDOC.

  C. *City of Jackson and John and Jane Doe*

  Horn also fails to satisfy the minimal pleading requirements as to defendants City of Jackson, and John and Jane Doe. Basic pleading requirements demand that the plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, the plaintiff must make sufficient allegations to give a defendant fair notice of the claim); Fed. R. Civ. P. 8(a). A complaint must allege each defendant's personal involvement with the purported violation of federal rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant). Conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).

  Horn's single allegation against the City of Jackson is that its treasury department "pays Defendants." (ECF No. 1, PageID.6.). Assuming this statement is plausible, Horn

fails to allege any specific conduct by the City of Jackson or the City's particular involvement in any alleged unconstitutional conduct. Similarly, other than naming John and Jane Doe as defendants, Horn makes no specific reference to their particular involvement in this case. Because Horn cannot satisfy the minimum pleading requirements against these defendants they must be dismissed as well. *See Twombly*, 550 U.S. at 565

### D. Officer Messner

Lastly, Horn contends that Officer Messner violated the Equal Protection Clause by issuing misconduct tickets to him when similarly situated white prisoners did not receive tickets for the same conduct. This claim survives initial screening under 28 U.S.C. § 1915(e). Accordingly,

IT IS ORDERED that the causes of action asserted against Heidi Washington, Noah Nagy, the MDOC, the City of Jackson, and John and Jane Doe are dismissed.

IT IS FURTHER ORDERED that the sole remaining cause of action is the equal protection claim asserted against Officer Messner.

Dated: October 13, 2022  
    Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 13, 2022.

| | |
|---|---|
| Stephen Lee Horn, III #241981<br>Central Michigan Correctional Facility<br>320 HUBBARD<br>ST. LOUIS, MI 48880 | s/Johnetta M. Curry-Williams<br>Case Manager |